UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>   Plaintiff,<br><br>vs.<br><br>SGT. RANGEL, et al.,<br><br>   Defendants | Case No. 1:12 cv 00193 GSA PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME BARRED<br><br>RESPONSE DUE IN THIRTY DAYS |

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on April 10, 2012 (ECF No. 8).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Health Care Facility at Stockton, brings this civil rights action against defendant CDCR officials employed by the CDCR at Corcoran State Prison. Plaintiff names seven individual defendants.  Plaintiff's claims stem from a use of force incident that occurred while Plaintiff was housed at Corcoran.  Plaintiff specifically alleges that the use of force occurred "on May 22, 2003 at approximately 7:15 a.m. Plaintiff was in CSP Cor's Receiving and Release (R&R) awaiting SATF's court transportation."  Plaintiff's claims of excessive force, deliberate indifference to medical needs and retaliation stem directly from the May 22, 2003 incident.  The complaint in this action was filed on February 10, 2012.

Federal law determines when a civil rights claim accrues.  <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action.  <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir. 1996).  At the time Plaintiff's claim accrued, the statute of limitations was one year.  Cal. Civ. Proc. Code § 340(3); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004)(Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law.  <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989).  Pursuant to California law, a two-year limit on tolling is imposed on prisoners. California Code of Civil Procedure Section 352.1 provides, in part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term for less than life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and is entitled to the application of the two year tolling provision. Plaintiff therefore had two years, plus two years for tolling, for a total of four years from May of 2003, in which to file suit. This action was initiated by civil complaint filed on February 10, 2012, over eight years after the limitation period expired.

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense appears complete and obvious from the face of the complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, within thirty days of the date of service of this order, show cause why this action should not be dismissed as time-barred. Plaintiff's failure to timely respond to this order to show cause will result in dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 14, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE