UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | 1:12-cv-00193-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 20.) |
| vs. | |
| RANGEL, et al., | ORDER VACATING ORDER DISMISSING CASE AND JUDGMENT (Docs. 18, 19.) |
| Defendants. | |
| | ORDER FOR CLERK TO REOPEN CASE |

**I.    RELEVANT PROCEDURAL HISTORY**

Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this case on February 10, 2012.  (Doc. 1.)

On April 10, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all

proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On June 3, 2014, the court issued an order dismissing this action as improperly filed, and entered judgment.[1]  (Docs. 18, 19.)  On July 7, 2014, Plaintiff appealed both the order dismissing the action and the judgment to the Ninth Circuit, and requested reconsideration by the district court pursuant to Rule 60(b).  (Doc. 20.)  The appeal is currently pending before the United States Court of Appeals for the Ninth Circuit as case 14-16294.  (Doc. 22.)

On July 18, 2014, the court requested remand of the appeal from the Ninth Circuit, pursuant to Rule 12.1 of the Federal Rules of Appellate Procedure.  (Doc. 24.)  On July 23, 2014, the Ninth Circuit remanded the appeal "to the district court for the limited purpose of enabling the district court to consider Plaintiff's motion for reconsideration."  (Doc. 25.)

Plaintiff's motion for reconsideration is now before the court.

## II.     MOTION FOR RECONSIDERATION – RULE 60(b)

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

---

[1] The court found that the complaint for this action had been improperly filed as a new case, instead of as an amended complaint in case 1:05-cv-1284 as Plaintiff had intended.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff seeks reconsideration of the court's dismissal order and judgment of June 3, 2014. Plaintiff argues that the court misunderstood his reasons for filing this action and erroneously concluded that the case was improperly filed. Plaintiff asserts that "[t]he case here is not a[n] Amended Case, it is a[n] Original Filed Case that was amended to separate my issues from another case that was settled as of June 24, 2014, from case no. 1:05-cv-1284." (Doc. 20 at 2.)

Plaintiff has now further clarified the circumstances under which he filed the complaint for this action, providing evidence that the case was not improperly filed as a new case. Upon review of Plaintiff's case no. 1:05-cv-1284, the court finds evidence supporting Plaintiff's assertion that he was responding to court orders issued in case no. 1:05-cv-1284 when filing this case, and meant to file a new action. Upon consideration of the evidence now before us, the court finds that this case was not improperly filed and should not have been dismissed as such. Accordingly, Plaintiff's request for reconsideration shall be granted. The dismissal order and judgment of June 3, 2014 shall be vacated, and this case shall be reopened.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on July 7, 2014, is GRANTED;

2. The court's order dismissing this case, and judgment, both entered on June 3, 2014, are VACATED; and

3. The Clerk is directed to REOPEN this case.

IT IS SO ORDERED.

Dated: **July 25, 2014**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE