UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>      Plaintiff,<br><br>   vs.<br><br>RANGEL, et al.,<br><br>      Defendants. | 1:12-cv-00193-GSA-PC<br><br>ORDER DISMISSING CASE WITH PREJUDICE, AS TIME- BARRED BY STATUTE OF LIMITATIONS<br>(Doc. 1.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.   BACKGROUND**

      Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 10, 2012. (Doc. 1.) On April 10, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

      The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on April 6, 2014, requiring Plaintiff to show cause why this case should not be dismissed as time-barred by the statute of limitations. (Doc. 14.) On May 19, 2014, Plaintiff filed a response to the court's order. (Doc. 17.) The court concluded from Plaintiff's response that this case had

been improperly filed, and on June 3, 2014, the court issued an order discharging the Order to Show Cause and dismissing this case as improperly filed, and entered judgment.[1]  (Docs. 18, 19.)

On July 7, 2014, Plaintiff filed a motion for reconsideration of the dismissal order and judgment, and an appeal to the Ninth Circuit.  (Doc. 20.)  Plaintiff argued that the court had misunderstood his reasons for filing this action and erroneously concluded that this case was improperly filed.  (Id.)  On July 25, 2014, the court granted Plaintiff's motion for reconsideration and reopened the case.  (Doc. 26.)  On August 5, 2014, Plaintiff's appeal was dismissed by the Ninth Circuit and the mandate was entered.  (Doc. 27.)

On September 5, 2014, the court granted Plaintiff another opportunity to show cause why this case should not be dismissed as time-barred by the statute of limitations.  (Doc. 28.)  On September 17, 2014, Plaintiff filed a response.  (Doc. 29.)

## II.     PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE

Plaintiff argues that this case should not be dismissed as time-barred by the statute of limitations, because this case originated from Plaintiff's prior case 1:05-cv-01284-LJO-BAM-PC, which was timely filed under the statute of limitations.  Plaintiff asserts that he filed this case on February 10, 2012, in response to the court's orders in his prior case, which dismissed some of Plaintiff's claims as improperly joined and informed him that he could pursue the dismissed claims in a separate lawsuit.  Plaintiff argues that because the present case originated from his prior case which was timely filed, the present case should also be considered timely filed.

### Discussion

Plaintiff's arguments are unpersuasive.  The present case was opened as a new and separate case on February 10, 2012, and there is no authority supporting Plaintiff's argument that the present case relates back to his prior case for purposes of the statute of limitations.

---

[1] The court found that the complaint for this action had been improperly filed as a new case, instead of as an amended complaint in case 1:05-cv-1284 as Plaintiff had intended.  The court's order did not address the statute of limitations issue.

1  Thus, Plaintiff has not shown cause why this case should not be dismissed as time-barred by

2  the statute of limitations.    As discussed in the court's April 15, 2014 order:

> "Plaintiff's claims stem from a use of force incident that occurred while Plaintiff was housed at Corcoran. Plaintiff specifically alleges that the use of force occurred "on May 22, 2003 at approximately 7:15 a.m. Plaintiff was in CSP Cor's Receiving and Release (R&R) awaiting SATF's court transportation." Plaintiff's claims of excessive force, deliberate indifference to medical needs and retaliation stem directly from the May 22, 2003 incident.  The complaint in this action was filed on February 10, 2012.
>
> Federal law determines when a civil rights claim accrues. <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir. 1996).  At the time Plaintiff's claim accrued, the statute of limitations was one year.  Cal. Civ. Proc. Code § 340(3); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).
>
> In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law. <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989).  Pursuant to California law, a two-year limit on tolling is imposed on prisoners.  California Code of Civil Procedure Section 352.1 provides, in part, as follows:
>
>> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term for less than life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
>
> Plaintiff was incarcerated at the time he filed suit and is entitled to the application of the two year tolling provision.  Plaintiff therefore had two years, plus two years for tolling, for a total of four years from May of 2003, in which to file suit.  This action was initiated by civil complaint filed on February 10, 2012, over eight years after the limitation period expired.
>
> Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).  See <u>Levald, Inc. v. City of Palm Desert</u>, 988 F.2d 680, 686-87 (9th Cir. 1993).  That is the case here – the defense appears complete and obvious from the face of the complaint."

(Order, Doc. 14 at 2:6-3:11.)

   Based on this reasoning, this case shall be dismissed, with prejudice, as time-barred by the statute of limitations.

### III.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This case is DISMISSED, with prejudice, as time-barred by the statute of limitations; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 29, 2014**                               **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE